```
           UNITED STATES DISTRICT COURT              FILED
           NORTHERN DISTRICT OF ALABAMA
               NORTHWESTERN DIVISION             00 DEC 22 PM 4:01

                                                U.S. DISTRICT COURT
JOYCE NELSON,                  )                 N.D. OF ALABAMA
                               )
     Plaintiff,                )
                               )
vs.                            )    Civil Action No. CV-99-S-3432-NW
                               )
VF JEANSWEAR,                  )
                               )                    ENTERED
     Defendant.                )
                                                   DEC 22 2000
               MEMORANDUM OPINION
```

This action is before the court on plaintiff's motion to compel discovery and request for sanctions (doc. no. 23). Upon consideration of the motion, pleadings, and briefs, the court concludes the motion is due to be denied.

## I. SUMMARY OF FACTS

Defendant, VF Jeanswear, operates a clothing manufacturing facility in Florence, Alabama. Plaintiff Joyce Nelson, an African-American female, has been employed by defendant at its Florence plant since January of 1972. Plaintiff contends that she was demoted from the position of Plant Superintendent to that of Finishing Manager during September of 1998, due to her race and sex. She also asserts that defendant maintains a racially hostile working environment, and that defendant's promotion policies have a disparate impact on females and persons of African-American heritage.

Defendant asserts that plaintiff was demoted because "she

lacked effective leadership skills, did not have the trust of her supervisors and her superiors[,] and also because[, compared to other facilities operated by defendant,] the sewing department at the Florence plant ... had not performed as well ... in 1998."[1]

On or about August 1, 2000, plaintiff served her third request for production of documents. Number 10 asked:

> For the period of 1990 through the current date, for the Florence, Alabama facility, produce any and all reports in the nature of manufacturing goals and objectives, weekly manufacturing results and manufacturing cost reports, quality reports, production versus schedule production reports, internal cost reports and any other reports detailing performance of the plant facility either on a weekly, monthly or annual basis.

Number 11 sought the same information with respect to defendant's facility in Andrews, Alabama. Number 12 sought the same information with respect to defendant's facility in Russellville, Alabama. Number 13 sought the same information with respect to defendant's facility in Oneonta, Alabama. Number 14 sought the same information with respect to defendant's facility in Hanceville, Alabama. And, number 15 sought the same information with respect to defendant's facility in Red Bay, Alabama. Plaintiff contends these requests are relevant because the information elicited "will establish whether ... plaintiff's performance in her position was the true reason for her demotion."[2]

---

[1] Defendant's response to plaintiff's motion to compel (doc. no. 24), ¶ 2.
[2] Motion to compel discover (doc. no. 23), Exhibit D.

2

Plaintiff further argues that the six Alabama facilities were "detailed pursuant to information relayed in the deposition of Don [Garrard, division manager of manufacturing for defendant] in which he gave these particular plants as being ones used for comparison purposes with respect to the performance of the sewing department at the Florence plant."[3]

Defendant objected to the plaintiff's broad requests on several grounds. First, defendant argues that plaintiff was demoted in September of 1998, and thus, any requests of plaintiff subsequent to that period of time would be irrelevant to the claims asserted in this action. This court agrees.

Defendant also objects to producing documents for all the facilities requested, because defendant is the corporate successor of two separate entities, the Lee Company, and Wrangler, Inc. These entities were "independent operating companies with different management structures, different company policies, and different internal operating reports on such items as cost, quality, production, and other manufacturing goals and objectives as requested in Request No. 10-15."[4] Defendant became the successor to these companies on January 1, 1997. Nevertheless, "[t]he

---

[3] *Id.*

[4] Defendant's response to plaintiff's motion to compel (doc. no. 24), ¶ 4. The Florence, Andrews, and Russellville facilities were formerly operated by Lee Co., and the Oneonta, Hanceville, and Red Bay facilities were operated by Wrangler, Inc.

3

differences in management structures, operations, and internal reports continued to exist after this corporate change, and the former Lee Plants continued to be operationally separate from the Wrangler plants throughout 1997 and until mid-1998."[5] Thus, defendant contends that the information sought from the former Wrangler plants in Oneonta (request no. 13), Hanceville (request no. 14), and Red Bay (request no. 15) are not relevant due to their differences in operating and management structure, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. Moreover, defendant argues that compiling the information sought from these plants would be unduly burdensome, and outweighs any probative value of the information sought.

Despite defendant's objections, the company produced 179 pages of documents in response to plaintiff's requests, covering the following subjects:

**Manufacturing Results**:
- a. Florence - 1995, 1996, 1997, and 1998.
- b. Andrews - 1994, 1995 (3rd quarter), 1996 (3rd quarter), 1997, and 1998.
- c. Russellville - 1997 and 1998.

**Operating Statements:**

---

[5] *Id.*

4

    a.    Florence - 1994, 1995, 1996, 1997, and 1998.

    b.    Andrews - 1994, 1995, 1996, 1997, and 1998.

    c.    Russellville - 1994, 1995, 1996, 1997, and 1998.

**Sewing Production**

    a.    Florence - 1997 and 1998.

    b.    Andrews - 1997 and 1998.

    c.    Russellville - 1997 and 1998.

Defendant further objects to the expansive language in the requests, and states that plaintiff's sweeping "any and all" document request is unreasonable in light of the fact that the documents that defendant has produced are summary documents and contain the information sought.

Finally, defendant objects to producing any documents for dates prior to those already produced on the grounds that defendant has reasonably and diligently searched for such documents, but none were found. Defendant explains that such documents are not maintained at the plants or corporate level for any specific period of time, and that such documents either have been destroyed or placed in storage in connections with the relocation of the Lee Company to Greensboro, North Carolina.

## II. DISCUSSION

The court first notes that Fed. R. Civ. P. 37(a)(2)(B) directs movants to include with a motion to compel a certification that

5

they have "in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." While plaintiff has provided the court with an exhibit which purports to be a letter her attorney mailed to defendant stating, "[t]his letter constitutes my Rule 37(a)(2)(B) effort to resolve this matter in good faith prior to filing a motion to compel,"[6] she has provided no separate certification. The court, however, declines to overrule the motion on this apparent procedural defect. The motion falls on its merits, or lack thereof.

The court may compel production of documents under Rule 37(a)(2), if those documents are discoverable under Rule 34(a).

> The party seeking production must demonstrate that the request is relevant, *i.e.*, calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial. ... The scope of the discovery request shall be limited by the court [pursuant to Federal Rule 26(b)(2)].

*Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990). Rule 26(b)(2) states, in pertinent part:

> The ... discovery methods otherwise permitted under these rules ... shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of

---

[6] Motion to compel discover (doc. no. 23), Exhibit D.

> the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. ...

This court is not convinced of the relevance of plaintiff's sweeping requests. Any information pertaining to events occurring after September 1998 (when plaintiff was demoted) is irrelevant. Documents pertaining to defendant's Hanceville, Oneonta, and Red Bay facilities also are not relevant. Plaintiff was demoted because her department in the Florence plant had not performed as well as defendant's other facilities. Garrard testified that, as comparisons to the Florence plant, he would have considered the facilities in Russellville, Boaz, Andrews, Fayetteville, and Costa Rica. The facilities in Oneonta, Hanceville, and Red Bay were not mentioned by Garrard as comparable to the Florence plant and, thus, are not relevant to plaintiff's demotion. Moreover, defendant has indicated that those facilities (as former Wrangler plants) remained under a separate management structure, and were held to different operating goals and objectives than the plants formerly owned by Lee (the Florence, Andrews, and Russellville plants).

Having failed to convince this court of the relevance of documents that are post-1998, and which pertain to defendant's facilities in Oneonta, Hanceville, and Red Bay, the court turns its attention to the scope of plaintiff's requests with respect to

7

defendant's plants in Florence, Andrews, and Russellville.

Defendant objects to producing documents for dates prior to those already produced. Generally, a party's objection seeking to avoid discovery on the basis that it is overly broad, burdensome, or oppressive must specifically show facts which "reveal the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington*, 103 F.R.D. 52, 60 (D.D.C. 1984). Defendant produced "summary documents" containing the information plaintiff seeks with regard to these facilities. Thus, defendant contends that a request to produce "any and all" reports and documents would be burdensome and duplicative. Defendant also points out that it has searched for documents dated prior to those already produced, but to no avail. The documents may be "in storage in connection with the relocation of Lee company manufacturing operations from Merriam, Kansas to Greensboro, North Carolina. To Compile ["any and all"] documents sought would be unduly burdensome...." [7]

The court concludes that requiring defendant to produce "any and all" documents, in light of Lee Company's relocation, and in light of the fact that defendant already has produced summaries containing the information sought by plaintiff, would be unduly burdensome and oppressive. Moreover, the burden on defendant in having to comply with a sweeping request which seeks documents from

---

[7] Defendant's response to plaintiff's motion to compel (doc. no. 24).

1990 to the present "outweighs [the request's] likely benefit." Fed. R. Civ. P. 26(b)(2).

### III. CONCLUSION

For the foregoing reasons, the court concludes that plaintiff's motion to compel is due to be denied. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **22nd** day of December, 2000.

_____
United States District Judge